UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES,

          Plaintiff,

v.

HEIDI WASHINGTON et al.,

          Defendants.

_____/

Case No. 2:21-cv-12375

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff Anthony D. Jones is a Michigan prisoner who sued, pro se, several prison officials under 42 U.S.C. § 1983. ECF 1. Plaintiff sought leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2). The Court ordered Plaintiff to show cause for why § 1915(g) does not bar pauper status. ECF 4. The Court explained that "Plaintiff is a 'three-striker' who may proceed as a pauper in this action only if he is in 'imminent danger of serious physical injury.'" *Id.* at 201. And the Court explained that "Plaintiff did not relate the alleged imminent danger to the claims in the complaint or to any specific Defendant." *Id.* at 202. Plaintiff timely responded to the show cause order. ECF 5. For the reasons below, the Court will deny in forma pauperis status and dismiss the complaint.

## LEGAL STANDARD

"To be eligible for the [imminent danger] exception, the prisoner must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). And

1

"to allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). What is more, "the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.* But "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham*, 938 F.3d at 850.

## DISCUSSION

I. <u>Dismissal Under § 1915</u>

The Court must liberally construe Plaintiff's filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff alleged two reasons why he suffers from imminent danger. Both reasons fail to satisfy § 1915(g)'s standard.

Plaintiff first alleged that if he were not confined at the Cooper Street Correctional Facility, then he would have not caught COVID-19. ECF 5, PgID 209. Plaintiff explained that he "was hospitalized at the Henry Ford Allegiance" but he eventually recovered and is now "under quarantine status" because of a COVID-19 outbreak at his facility. *Id.*

But Plaintiff's COVID-19 concerns do not rise to the imminent danger level. For one, Plaintiff recovered from COVID-19. *See id.* He therefore has a natural

2

immunity. Beyond that, Plaintiff has not alleged that he was barred from receiving a COVID-19 vaccine when he filed the complaint. *See id.* In short, Plaintiff's "likelihood of contracting COVID-19 and the associated risks should [he] contract the virus are significantly reduced." *See United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (explaining that the inmate at issue "had previously contracted (and recovered) from the virus.").

Plaintiff also alleged that he is in imminent danger because he is "not house[d] in a separate unit for mentally ill prisoners."[1] ECF 5, PgID 210–11. The danger arises because he has been "physically beaten up several times by gang members." *Id.* at 211. But Plaintiff has not alleged that he is being denied medical attention or treatment. *See generally* ECF 1; 5. Instead, Plaintiff is merely rehashing the same failed arguments that he has raised before other courts in the Eastern District of Michigan. *See Jones v. City of Detroit*, No. 4:17-CV-13975, 2018 WL 654840, at *1 (E.D. Mich. Feb 1, 2018) ("[D]aily danger due to his confinement with other prisoners" is not enough to show imminent danger of serious physical injury.). Courts routinely deny the frivolous, rehashed claims of three-strike plaintiffs. *See Theroit v. Huhta*, No. 2:19-cv-17, 2019 WL 1146693, *8–9 (W.D. Mich. Mar. 13, 2019). The Court will do the same and deny Plaintiff's motion to proceed in forma pauperis.

In the end, Plaintiff's civil rights complaint is subject to dismissal without prejudice under § 1915(g). Plaintiff may, however, resume litigating any of the claims

---

[1] Plaintiff claimed that he is "bi-polar [and] severely schizophreni[c]." ECF 1, PgID 6.

dismissed under § 1915(g) if he pays the filing fee under 28 U.S.C. § 1914. *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). Plaintiff's dismissal under § 1915(g) bars him from appealing the in forma pauperis finding. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–06 (W.D. Tenn. 1999). The Court will not certify that any appeal from this dismissal would be in good faith.

II.  Enjoined Filer

Last, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court. The Sixth Circuit has held that a district court may enjoin "vexatious litigants" from filing a new action without first obtaining permission. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Over the years, Plaintiff has filed more than a dozen complaints against various defendants in the Michigan prison system. ECF 4, PgID 201. Each case has been quickly resolved as unmeritorious. As a result, the Court will enjoin Plaintiff from filing a new action without first obtaining leave from the Court.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to proceed in forma pauperis [2] is **DENIED** and the complaint [1] is **DISMISSED** under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that in forma pauperis status is **DENIED** on appeal.

**IT IS FURTHER ORDERED** that Anthony D. Jones is permanently **ENJOINED** from filing any new action in this Court without first obtaining leave.

After submitting any new complaint from Jones to the Clerk of the Court, the complaint will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's Office must assign the complaint to a randomly selected Judge; otherwise, the complaint must be dismissed.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager